No. 3806.—S. WHITTINGTON v. W. W. WHITTINGTON, her Husband.—
FRELLSEN & STEVENSON, Intervenors.

In considering the rulings of the judge *a quo* on the objections made to the admissibility of testimony, the appellate court will be guided by the bills of exceptions taken to his rulings on the admissibility of a certified copy of the recorder of an abstract, showing the wife's claim against her husband, on the ground that the oath attached to the instrument was made before a notary public who was incompetent to administer an oath in such a case; and if the certificate shows also that the notary was a justice of the peace, then the presumption is that the officer administered the oath in his proper capacity and the document is not inadmissible on that account.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *S. G. White*, for plaintiff and appellee. *M. Ryan*, for defendant and appellant.

HOWELL, J. The intervenors have appealed from a judgment recognizing plaintiff's mortgage upon her husband's property, dating from 1854 and 1855.

They reserved a bill of exceptions to the admissibility in evidence of the parish recorder's certified copy of the statement of plaintiff's claim against her husband, required by the act of 1869, on the grounds, *first*, that it was sworn to before a notary public, who is incompetent

to administer an oath in such a case. Admitting that the notary is. incompetent, we find in the bill of exception the fact stated, that the said notary was also a justice of the peace, a fact which is not denied and which under the circumstances we must presume was properly established. We must be guided by the bill of exceptions as to the objections made and the grounds of the ruling. The oath was therefore administered by a competent officer. The *second* ground is, the "statement" does not appear to have been recorded in the mortgage book as the law directs. The certificate of the recorder on the date of recording is, that it is "a true record," and subsequently that the copy offered is "a true and correct copy of the original on file and of record in my (the recorder's) office." We must presume from this that the recorder did his duty and made the recordation in the book designated by the law. The objection in the brief that the "statement" is so vague as not to show that the moneys received by the husband were the moneys of his wife derived from her mother's estate, is not well founded. It is sufficiently clear, from the language used, that the sums acknowledged to have been received by the husband at the dates specified, were moneys inherited by his wife from her mother, for the security of which the law accorded the wife a mortgage upon the mortgageable property of the husband.

Judgment affirmed.